# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| TIMOTHY COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-CV-622 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Timothy Collins, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) In NCN #12-09-0019, a hearing officer found Collins guilty of a trafficking offense. (DE 12-5 at 1.) The charge was initiated on September 11, 2012, when an internal affairs investigator wrote a conduct report stating as follows:

> The following Conduct Report has been issued to Offender Timothy Collins #911626 for violation of Conspiring/Attempting/Aiding or Abetting to commit another Class A offense (Trafficking). Internal Affairs received confidential informant [sic] indicating Collins was scheduled to receive contraband via facility mail. Based on this information, Internal Affairs placed on hold on all of Collins' incoming mail. On 9/11/12, mailroom staff notified this writer Collins had received a greetings [sic] card. Upon searching the contents of the greeting card, a small package containing four suboxone strips[1] was found and confiscated.

(DE 12-1.)

On September 13, 2012, Collins was formally charged with conspiring/aiding/abetting trafficking in violation of disciplinary rules 111/113, and was given a copy of the conduct report. (DE 12-1; DE 12-2.) He pled not guilty, declined the assistance of a lay advocate, and waived the 24-hour notice requirement. (DE 12-2.) He did not request any witness statements, and as

---

[1] Suboxone is a synthetic opiate that can be prescribed to treat withdrawal symptoms associated with narcotics abuse. *See U.S. v. MacKay,* 715 F.3d 807 (10th Cir. 2013); *U.S. v. Pellmann,* 668 F.3d 918 (7th Cir. 2012).

physical evidence he requested "photos." (DE 12-2.) On September 17, 2012, a hearing was conducted on the charge. (DE 12-5 at 1.) Collins stated: "This was all a set [up] to get me moved out of the pod." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) His administrative appeals were denied. (DE 12-6.)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

As a preliminary matter, the respondent requests that certain confidential documents consisting of an incident report, photographs, and request slip be maintained under seal due to security concerns.[2] (DE 18.) Upon review, the court agrees that these documents contain sensitive information, the disclosure of which could be harmful to other individuals or compromise the security of the facility. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988). Accordingly, the motion is granted.

---

[2] Because it appeared that certain documents may have been omitted from the original return, the court previously ordered the respondent to conduct a diligent search and submit any additional portions of the administrative record that were available. (DE 13.) The respondent timely complied with this request. (DE 17-19.) The respondent has now submitted confidential documents considered by the hearing officer that were inadvertently omitted from the original return. The court trusts the respondent will take greater care in the future to submit the complete record; however, in the interest of justice the court will consider these documents in ruling on the petition.

Turning to the merits, Collins first claims that he was denied evidence. (DE 1 at 3.) A prisoner has a limited right to present witnesses and evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Collins claims that he wanted to call "Cpt. Thomspon" and "Exc. Ass. Thurman" as witnesses. (DE 1 at 4.) However, Collins signed the screening notice which reflects that he did not request any witnesses. (DE 12-2.) He cannot fault the hearing officer for failing to consider evidence he did not properly request. *See Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). It appears Collins may have envisioned this case proceeding like a criminal trial, but "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The hearing officer was not required to produce physical evidence to support the charge, follow the formal rules of evidence, or permit Collins to confront the adverse evidence and witnesses. *Piggie*, 342 F.3d at 666 (inmate had no right to cross-examine or confront adverse witnesses); *Walker v. O'Brien*,

3

216 F.3d 626, 637 (7th Cir. 2000) (formal rules of evidence do not apply at prison disciplinary proceeding); *Rasheed-Bey*, 969 F.2d at 361 ("disciplinary board's decision is not limited to evidence presented at the hearing"). He was entitled to an opportunity to request exculpatory evidence, but as noted above, the record shows he was afforded that opportunity.

Collins did request "photos" as evidence, and this evidence was considered by the hearing officer in reaching his decision. (DE 12-5 at 1; DE 19-1.) Collins was apparently not permitted to look at the photos himself, but "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Due process does require that the confidential information bear sufficient indicia of reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995); *Henderson*, 13 F.3d at 1077. This court has reviewed the confidential photographs that have been submitted and concludes that they contain reliable evidence of Collins' guilt. To the extent the photos had any exculpatory value, the hearing officer considered this evidence in reaching his decision, which is all that Collins was entitled to under *Wolff*. *See White*, 266 F.3d at 768 (prisoner's rights were not violated when evidence he claimed was exculpatory was considered by the disciplinary board, even though he was not permitted to view this evidence himself).

Collins also challenges the sufficiency of the evidence. (DE 1 at 3.) He argues that he should not have been found guilty because there were no "recorded phone calls, handwritten letters, or staff statements" showing that he attempted to traffic. (*Id.*) In reviewing a disciplinary sanction for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only

4

determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, the hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Upon review, there is sufficient evidence in the record to support the guilty finding, including the conduct report, incident report, and photographs. To be constitutionally adequate, the evidence need not point to only one logical conclusion. Rather, the question is solely whether there is some evidence to support the hearing officer's determination. *See Hill*, 472 U.S. at 457. That standard is satisfied here. *See id.* (due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided some evidence to support disciplinary determination). To the extent Collins is challenging the fact that the hearing officer considered confidential information in reaching his decision, as stated above this does not constitute a due process violation. *White*, 266 F.3d at 767; *Whitford*, 63 F.3d at 535. Furthermore, this court has reviewed the confidential documents and concludes that they provide

reliable evidence of Collins' guilt. Accordingly, he has not demonstrated an entitlement to habeas relief.

Finally, Collins argues that he was denied an impartial decision-maker. (DE 1 at 4.) In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the events underlying the charge. *Id.* Here, Collins does not argue—nor is there any evidence in the record to suggest—that the hearing officer was involved in the events underlying the charge. Instead, Collins believes the hearing officer was biased because he found Collins's claim that he had been set up "absurd." However, it was the hearing officer's job to weigh the relative credibility of the evidence and witnesses, and his adverse ruling does not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Accordingly, this claim is denied.

For these reasons, the respondent's motion to maintain documents under seal (DE 18) is **GRANTED**. The petition (DE 1) is **DENIED**.

**SO ORDERED** on July 9, 2014.

                                                       s/ Joseph S. Van Bokkelen
                                                     Joseph S. Van Bokkelen
                                                     United States District Judge
                                                     Hammond Division